**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| JANIS SMITH,<br>　　　　　　Plaintiff,<br><br>v.<br><br>NOVO NORDISK A/S and NOVO NORDISK INC.,<br>　　　　　　Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff named below, by and through the undersigned counsel, files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff adopts and incorporates by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff**

1.  Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Janis Renee Smith                                                        .

2.  If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,

as _____ of the estate of _____, deceased.

3.  If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.  If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendants**

5.  Plaintiff/Decedent's Representative is/are suing the following Defendant (check all that apply):

      X____  Novo Nordisk Inc.

      X____  Novo Nordisk A/S

      _____  Eli Lilly and Company

      _____  Lilly USA, LLC

      _____  other(s) (identify): _____

## **JURISDICTION AND VENUE**

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Manchester, Georgia

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Georgia

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Georgia

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Manchester, Georgia

10.     Jurisdiction is based on:

X       diversity of citizenship pursuant to 28 U.S.C. § 1332

_____   other (plead in sufficient detail as required by applicable rules):

_____

_____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Northern District of Georgia

12.     Venue is proper in the District Court identified in Paragraph 11 because:

X       a substantial part of the events and omissions giving rise to Plaintiff(s)'

claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

**PRODUCT USE**

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    X     Ozempic (semaglutide)

          Wegovy (semaglutide)

          Rybelsus (oral semaglutide)

          Victoza (liraglutide)

          Saxenda (liraglutide)

          Trulicity (dulaglutide)

          Mounjaro (tirzepatide)

          Zepbound (tirzepatide)

          Other(s) (specify): _____

15.     To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

    March 2023 – May 2024

5

## INJURIES AND DAMAGES

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

<u>X</u>    Gastroparesis

_____    Other gastro-intestinal injuries (specify) _____

_____    Ileus

_____    Ischemic Bowel/Ischemic Colitis

_____    Intestinal Obstruction

_____    Necrotizing Pancreatitis

_____    Gallbladder Injury (specify) _____

_____    Micronutrient Deficiency

_____    Wernicke's encephalopathy

_____    Aspiration

_____    Death

_____    Additional/Other(s) (specify): _____

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

May 2024 _____

_____

_____

6

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product, Plaintiff suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

X     Injury to self

_____ Injury to person represented

_____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

## CAUSES OF ACTION

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

X     Count I:     Failure to Warn – Negligence

X     Count II:    Failure to Warn – Strict Liability

X     Count III:   Breach of Express Warranty/Failure to Conform to Representations

X     Count IV:    Breach of Implied Warranty

X     Count V:     Fraudulent Concealment/Fraud by Omission

X     Count VI:    Fraudulent/Intentional Misrepresentation

X     Count VII:   Negligent Misrepresentation/Marketing

X     Count VIII:  Strict Product Liability Misrepresentation/Marketing

_____ Count IX:    Innocent Misrepresentation/Marketing

_____ Count X:     Unfair Trade Practices/Consumer Protection (see below)

_____ Count XI:    Negligence

_____ Count XII:   Negligent Undertaking

X     Count XIII:  State Product Liability Act (see below)

_____ Count XIV:   Wrongful Death

_____ Count XV:    Loss of Consortium

_____ Count XVI:   Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

   a.   Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

   _____

   _____

   b.   Identify the factual allegations supporting those claims (by subsection, if applicable):

   _____

   _____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

9

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") of any jurisdiction as identified in Count XIII above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s)

       is/are bringing such claims:

       GA Code § 51-1-11(b) – (c), § 51-1-11.1.

    b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

       failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

       See Counts I through VIII, and XIII, including Failure to Warn – Negligence;

       Failure to Warn – Strict Liability; Beach of Express Warranty / Failure to Conform to

       Representations; Breach of Implied Warranty; Fraudulent Concealment / Fraud of Omission;

       Fraudulent / Intentional Misrepresentation; Negligent Misrepresentation / Marketing; and

       provisions of the Code of Georgia as set forth above.

    c.  Identify the factual allegations supporting those claims:

       Defendants as both a seller and manufacturer of the GLP-1 product produced a defective product

       that was inherently unsafe and known to be unsafe and which defendants knew could have been

       designed to be safer, and that would cause injury as produced and sold. Defendants also failed to

       provide adequate warnings or information with regard to their product and misled consumers

       regarding the safety and the risks associated with their GLP-1 product by overstating benefits and

       understating risks from using the products. See Counts I though XIII, and the Factual Allegations

       section, paragraphs 29-110 and 153-603, of the Amended Master Complaint (Doc. No. 481).

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one*

*opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? _____. If so, attach such notice.

## RELIEF

Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiffs may be entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims triable by jury in this action.

Date: 04/30/2026                                    By:

                                                */s/ Thomas Roe Frazer III*
                                                Thomas Roe Frazer III
                                                (#33296)
                                                FRAZER PLC
                                                30 Burton Hills Blvd, Ste 450
                                                Nashville, TN 37215
                                                (615) 647-6464 (Telephone)
                                                (615) 307-4902 (Fax)
                                                trey@frazer.law
                                                *Attorney for Plaintiff*